UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Arbitration Between

INTERCHEM ASIA 2000 PTE. LTD.,

    Claimant,

v.

OCEANA PETROCHEMICALS AG,

    Respondent.

OCEANA PETROCHEMICALS AG,

    Claimant,

v.

INTERCHEM CHEMICALS PTE. LTD.,

    Respondent.

04 Civ. 8439 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On May 27, 2005, the Court entered judgment ("May 27 Judgment") confirming in part the arbitration award dated September 9, 2004 ("Award") in favor of InterChem Asia 2000 Pte. Ltd. and InterChem Chemicals Pte. Ltd. (collectively, "InterChem") and against Oceana Petrochemicals AG ("Oceana"). InterChem filed a Notice of Intention to File Proposed Judgment ("Notice"), along with a copy of the Proposed Judgment, on June 10, 2005. On June 17, 2005, the Court received an objection to the Proposed Judgment from Oceana, which claimed that the Proposed Judgment overstated the interest payable on the Award by a significant amount.

1

The Court gave both parties time to respond to Oceana's objections, and received a response dated June 20, 2005 from InterChem, requesting the award of post-award prejudgment interest on the Award from September 9, 2005 to the present, and a response dated June 28, 2005 from Oceana, objecting to such an award.

The Court considers InterChem's request to be a motion under Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the May 27 Judgment of this Court ("Motion for Reconsideration"). See Jones v. UNUM Life Ins. Co., 223 F.3d 130, 136-38 (2d Cir. 2000). InterChem properly filed its Notice within ten (10) days of the May 27 Judgment, on June 10, 2005, and thus its motion is timely. Fed. R. Civ. P. 59(e). The Court, in its discretion, grants InterChem's Motion for Reconsideration to prevent manifest injustice and to correct a legal error in its May 27 Judgment. See Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004).

The Court awards InterChem post-award prejudgment interest on the amount confirmed in the May 27 Judgment. See Commonwealth Assocs. v. Letsos, 40 F. Supp. 2d 170, 177 n.42 (S.D.N.Y. 1999); Sae Sadelmi S.p.A. v. Papua N.G. Elec. Comm'n, No. 94 Civ. 2959, 1994 WL 669543, at *2 (S.D.N.Y. Nov. 29, 1994); Moran v. Arcano, No. 89 Civ. 6717, 1990 WL 113121, at *3 (S.D.N.Y. July 27, 1990); see also Fort Hill

2

Builders, Inc. v. Nat'l Grange Mut. Ins. Co., 866 F.2d 11, 14-15 (1st Cir. 1989); Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63 (3d Cir. 1986). The delay in this case was not, as contended by Oceana, the result of impropriety on InterChem's part in its attempt to confirm the Award, but rather resulted from Oceana's challenge to the Award. Although the Court found that Oceana's challenge was not frivolous, InterChem should not bear the financial burden of the delay in its recovery. Furthermore, given the excessive behavior that the arbitrator, Hon. Harold R. Tyler, Jr., found counsel for Oceana exhibited throughout the litigation of this matter, the Court is persuaded that the award of post-award prejudgment interest is appropriate.

As to the interest rate to be used in calculating the post-award prejudgment interest, the Court finds that a rate of nine (9) percent per annum should be applied. See N.Y. C.P.L.R. § 5004; Commonwealth Assocs., 40 F. Supp. 2d at 177 n.42 ("Prejudgment interest is governed by New York law both because this is a diversity case and because the arbitration agreement contains a New York governing law clause."). But see A/S Siljestad v. Hideca Trading, Inc., 541 F. Supp. 58, 62 (S.D.N.Y. 1981) (noting that because an arbitration award is not a judgment, § 5004 does not govern the rate of post-award, prejudgment interest, and finding that the interest

3

rate was within the discretion of the trial court to determine).

Accordingly, it is hereby

**ORDERED** that the Proposed Judgment of InterChem Asia Pte. Ltd. and InterChem Chemicals Pte. Ltd. (collectively, "InterChem"), deemed by this Court to be a Motion for Reconsideration under Fed. R. Civ. P. 59(e), is GRANTED; and it is further

**ORDERED** that InterChem recover post-award prejudgment interest on the Arbitration Award ("Award") reduced to judgment by this Court on May 27, 2005 at a rate of nine (9) percent per annum from the date of the Award, September 9, 2004 through and until July 6, 2005; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   New York, New York
         6 July 2005

　　　　　　　　　　　　　　　　　　Victor Marrero
　　　　　　　　　　　　　　　　　　　　U.S.D.J.